TIMOTHY COURCHAINE
United States Attorney
District of Arizona

KRISTEN BROOK
Arizona State Bar No. 023121
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Ste. 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Kristen.Brook@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-01392-PHX-JJT |
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| Kingsley Sebastian Ibhadore, | |
| Defendant. | |

Defendant appears before the Court for sentencing following his guilty plea to Count 1 of an Information, charging defendant with a violation of 18 United States Code (U.S.C.) § 371, Conspiracy to Commit Structuring. The United States of America herein files this Sentencing Memorandum. The United States respectfully requests the Court impose a sentence of 21 months imprisonment, followed by three years of supervised release, for the reasons set forth below.

**I.    Facts**

On October 25, 2022, a grand jury charged Sebastian Ibhadore with 22 counts, including conspiracy, money laundering, structuring, and passport forgery. (PSR ¶ 1.) The U.S. Secret Service began investigating him in December 2019 for his role in a romance scam, where he acted as a critical money mule. Ibhadore, a Nigerian citizen, and a United

States Legal Permeant Resident (LPR) living in Phoenix, Arizona, used four aliases to open bank accounts at various banks to launder money. He used these fake identities to operate 24 accounts and avoided detection by making withdrawals under $10,000. (PSR ¶ 6.)

On May 3, 2024, Ibhadore pled guilty to Count One of an Information, charging him with violating Titile 18 United States Code (U.S.C.) § 371, Conspiracy to Commit Structuring. (PSR ¶ 3.) Ibhadore structured transactions to avoid detection by making numerous cash withdrawals, each under $10,000, which is the threshold that triggers mandatory reporting to authorities. Between August 17, 2018, and May 26, 2020, a total of $3,966,703.07 was deposited into these 24 bank accounts. (PSR ¶ 7.) For example, using the alias "Emmanuel," Ibhadore opened an account at BBVA, deposited a cashier's check for $64,640.39, and later made nine withdrawals totaling $61,370, all under the $10,000 limit. Similarly, under the alias "Cheick," he opened another account at BBVA, deposited $48,313.91, and made structured withdrawals totaling $22,720. (PSR ¶ 7.)

Surveillance footage from banks confirmed his involvement. Surveillance footage from banks, including JP Morgan Chase and Bank of America, captured images of Ibhadore conducting these transactions, confirming his use of false identities to operate the accounts. (PSR ¶ 7.) This evidence was crucial in linking him to the structuring and money laundering activities associated with the romance scam. Sebastian Ibhadore engaged in structuring and in money laundering by using four aliases to open multiple bank accounts across different banks, including Bank of America, JP Morgan Chase, BBVA Compass Bank, and Wells Fargo. He used these accounts to process funds obtained through a romance scam, where victims were tricked into sending money under false pretenses.

Not all of defendant's structured transactions were captured and retained by surveillance footage; however, thirteen transactions have surveillance footage. The footage shows Ibhadore as the individual operating the accounts under false identities.







Victim D.E. is an example of how Ibhadore's scheme targeted vulnerable individuals through a romance scam. D.E. began communicating with someone named William Mueller in January 2020, who claimed to be a widowed German steel engineer working in South Africa. Mueller told D.E. that his belongings were stolen, leading to frozen bank accounts, and convinced her to send two cashier's checks totaling $199,000 to cover "customs fees" to an address linked to one of Ibhadore's aliases, BHOYE, in Phoenix, Arizona. (PSR ¶ 10.)

In total, complaints from ten victims revealed a pattern where they were instructed to send money to aliases BHOYE, CHEICK, DIAKITE, and EMMANUEL, all linked to Ibhadore. The victims were often told similar stories about their online "boyfriends" experiencing tragic incidents while on international assignments, prompting them to send money and electronics to assist. (PSR ¶ 15.) While Ibhadore was not the one who deceived

the victims, he played an important role in transacting victim funds for others in the scheme.

**II. Ibhadore's Adjusted Guideline Offense Level is 15.**

The government does not object to the pre-sentence report's recommended offense level of 15.

A conviction for Conspiracy to Commit Structuring is reviewed under U.S.S.G. § 2S1.3(a)(2). Under that section, Ibhadore's base offense level is 6. 10-levels are then added under U.S.S.G. § 2B1.1(b)(1)(F) as the structured amount exceeded $150,000, but was less then $250,000. An additional 2-levels are added under U.S.S.G. § 2S1.3(b)(1)(A) as Ibhadore was aware the structured funds were tied to unlawful activity; leading to an adjusted offense level of 18. (PSR ¶ 22.)

Ibhadore accepted responsibility by pleading guilty pursuant to a plea agreement and his final adjusted offense level is 15 with a guideline range of 21 to 28 months.

**III. A 21-month sentence is appropriate under 18 U.S.C. § 3553(a).**

The seriousness of the offense justifies a substantial sentence. Ibhadore was a key money mule in a romance scam. As a key money mule, he moved millions of dollars of victims' funds through multiple bank accounts. While there may not be direct evidence he was aware of the deception being committed by others, it is obvious Ibhadore was aware he was violating law. Ibhadore routinely closed and opened accounts, and used fake identities, to make it more difficult for banks and law enforcement to identify Ibhadore. The evidence also suggests Ibhadore reaped significant profits, far more than his claimed $3,000 aggregate proceeds, as he withdrew large cash amounts and routinely wired out less funds than received. (PSR ¶ 14.)

| Date | Banks and Locations | Description of In-person Cash Withdrawals |
|---|---|---|
| September 23, 2019 | JP Morgan Chase at S. Central Avenue in Phoenix | $3,000 from JP Morgan Chase account ending in 3858 |

| September 23, 2019 | Bank of America at N. 44th Street in Phoenix | $7,500 from Bank of America account ending in 3261 |
|---|---|---|
| September 23, 2019 | Bank of America at S. Central Avenue in Phoenix | $5,200 from Bank of America account ending in 3261 |
| October 2, 2019 | Bank of America at S. Central Avenue in Phoenix | $5,750.00 and $3,000.00 from Bank of America account ending in 3395 |
| October 3, 2019 | Bank of America at S. Central Avenue in Phoenix | $3,000.00 and $6,000.00 from Bank of America account ending in 3395 |
| March 2, 2020 | Bank of America at N. Scottsdale Road in Scottsdale, Arizona | $8,740.00 from Bank of America account ending in 3261 |
| March 2, 2020 | Bank of America at N. 44th Street in Phoenix | $7,720.00 from Bank of America account ending in 3261 |
| March 2, 2020 | Bank of America at W. Olive Avenue in Glendale, Arizona | $4,500.00 from Bank of America account ending in 5814 |
| March 4, 2020 | Bank of America at N. 44th Street in Phoenix | $7,900.00 from Bank of America account ending in 3261 |
| March 4, 2020 | Bank of America at W. Happy Valley Road in Phoenix | $7,600.00 from Bank of America account ending in 4587 |
| March 4, 2020 | Bank of America at E. Camelback Road in Phoenix | $8,200.00 from Bank of America account ending in 5814 |
| March 6, 2020 | Bank of America at E. Camelback Road in Phoenix | $8,000.00 from Bank of America account ending in 3261 |
| March 6, 2020 | Bank of America at E. Bell Road in Phoenix | $7,800.00 from Bank of America account ending in 4587 |
| March 6, 2020 | Bank of America at E. Bell Road in Phoenix | $4,620.00 from Bank of America account ending in 5814 |

A 21-month sentence is therefore necessary to address the seriousness of Ibhadore's criminal conduct, and to deter Ibhadore and others from engaging in the same type of crime.

Ibhadore claims that he only learned the illicit funds were derived specifically from a romance scheme in February 2020. (PSR ¶ 83.) It is uncontroverted that the defendant received a letter from one of the victim's in February 2020 - detailing the romance scheme, her victimization, and imploring Ibhabore to return her money. (*Id*.) Ibhadore claims he only continued to engage in financial transactions after that point because he was threatened by co-conspirators. (*Id*.) Even assuming it is true that he first learned of the romance fraud scam in 2020, which seems unlikely, defendant continued unabated to engage in this crime spree and structure these transactions. Below are photos of the defendant committing this crime after February 2020:



**Date:** 2/14/20

**Account:** B of A 5814 (Diakite)

**Activity:** Deposit

**Amount:** $13,000



**Date:** 3/7/20

**Account:** B of A 3261 (Bhoye) **Activity:**

Withdrawal **Amount:**

$8,400



**Date:** 3/17/20

**Account:** B of A 4590 (Diakite) **Activity:** Withdrawal  **Amount:** $4,800

In addition, Ibhadore's criminal history supports the imposition of a strong sentence. As noted in the PSR, Ibhadore has had contacts with law enforcement when arrested twice for DUI, first in 2018 and again in 2022 (PSR ¶¶ 33 & 34.)  In 2018, Ibhadore was convicted of extreme DUI, with a BAC over .15, after being arrested driving under the influence and giving the police a fake name to conceal his identity.  For this offense he was sentenced 90 days and served 45 days in custody.  (PSR ¶ 33.)  In 2022, Ibhadore was arrested and later convicted again of DUI and sentenced to 45 days, serving 30 days in custody.  (PSR ¶ 34.) During the pendency of this case, Ibhadore failed to show for court and a warrant issued for his arrest. (*Id.*)  Ibhadore's prior contacts with law enforcement clearly did not deter him from engaging in a multi-month scheme to illegally structure over a million dollars.

For these reasons, the government's proposed sentence of 21 months in prison is supported by the section 3553(a) factors as it addresses the need for just punishment, promotes community safety, and provides adequate deterrence. The government agrees with Probation that Ibhadore's life circumstances warrant consideration, which is reflected in the government's request for a sentence at the low-end of the guidelines, instead of a mid-range or high-end sentence.

### IV. Conclusion.

The United States respectfully urges the Court to impose a sentence of 21 months of imprisonment, followed by three years of supervised release.

Respectfully submitted this 13th day of March, 2025.

                                                TIMOTHY COURCHAINE
                                                United States Attorney
                                                District of Arizona

                                                *s/ Kristen Brook*
                                                KRISTEN BROOK
                                                Assistant U.S. Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March, 2025 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.


 *s/ Norma Hernandez*
U.S. Attorney's Office